Mr. Walter G. **ARANDIA**

v.

**MARRIOTT CORPORATION, Eads Associates, Polygraph Verification Systems and Mr. Thomas F. Moore.**

**Civ. No. S 87–134.**

United States District Court, D. Maryland.

April 29, 1987.

Robert B. Fitzpatrick, Fitzpatrick & Verstegen, Washington, D.C., for plaintiffs.

Carlton J. Trosclair, Karen Ehrlich, Julienne W. Bramesco, Bethesda, Md., for defendant Marriott.

Donald C. Allen, Daniel Karp, Allen, Thieblot & Alexander, Baltimore, Md., for defendants Moore & Polygraph.

### MEMORANDUM AND ORDER

SMALKIN, District Judge.

■ Now pending in this case is the motion of defendants Marriott, Eads, Polygraph Verification Systems, and Moore to transfer this § 1981 (42 U.S.C. § 1981) suit to the Eastern District of Virginia. (Paper # 3). That motion was originally based on the defendants' assertion that not all of them were residents of the District of Maryland, and that the plaintiff's claim did not arise in this District. After the defendants' motion was filed, the non-resident defendant Eads was dismissed from the case without prejudice. (Paper # 7). However, by a first amended complaint filed April 22, 1987 (there being no answer yet submitted by any defendant), Eads was reinstated as a defendant in the lawsuit. Thus, it appears that venue is not now properly laid in this District under that part of 28 U.S.C. § 1391(b) that lays venue in federal question cases in the district in which all defendants reside. However, the alternative provision added by the 1966 amendment to § 1391, allowing venue in federal question cases to be laid in the district in which the claim arose, can be invoked in this case to lay venue in Maryland. Although it is true that the plaintiff's place of employment was in the Eastern District of Virginia, the nub of this lawsuit is that he was fired as the result of an allegedly discriminatory polygraph test administered by defendants Polygraph and Moore in the District of Maryland. Thus, this claim can be said "with approximately equal plausibility" to have arisen in the Eastern District of Virginia and in the District of Maryland, and venue is proper under 28 U.S.C. § 1391(b) in this District. *See* 15 C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3806 (1986) at 71–72. Consequently, the defendants' motion for transfer of venue under 28 U.S.C.

§ 1406(a) is *denied.* This denial is without prejudice, however, to a further motion to transfer the case under 28 U.S.C. § 1404(a) to the Eastern District of Virginia, if said motion is made within 30 days of the date of this Memorandum and Order. If defendants so move, they should be prepared to stipulate that this case could initially have been brought against *all* of them in the Eastern District of Virginia, with regard to questions of personal jurisdiction and service of process, in that it appears that neither Polygraph, Moore, nor Marriott is a resident of Virginia. *See id.* at § 3845 and *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). It may be that the non-Virginia residents are nonetheless amenable to personal jurisdiction and service of process in the Eastern District of Virginia. If that is true, this case may be transferred there if the defendants otherwise demonstrate an appropriate basis for transferring it under § 1404(a).

■ There is also pending the motion of Polygraph and Moore to dismiss for failure to state a claim. (Paper # 6). Having considered the motion and the plaintiff's response, the Court cannot say that the complaint utterly fails to state a claim, when broadly interpreted. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). It is undisputed that § 1981 remedies are available against private persons who discriminate in, *inter alia*, the administration of contracts of employment. It is conceivable that all the defendants could be liable under § 1981 if an appropriate factual basis for the complaint's allegations of discriminatory administration of the polygraph examination are proved. It may be that, at the summary judgment stage, plaintiff might not be able to come forward with evidence to show that the crucial element under § 1981 of intentional discrimination, *see Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 583 n. 16, 104 S.Ct. 2576, 2590 n. 16, 81 L.Ed.2d 483 (1984), existed with regard to the actual administration of the polygraph test, as between himself and the other waiter, which is the only operative

allegation against Polygraph and Moore. That allegation is now made "on information and belief." *See* First Amended Complaint at ¶¶ 40 and 41. *See also Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). At this juncture, though, the Court will not dismiss the complaint against Polygraph and Moore for failure to state a claim under Fed.R. Civ.P. 12(b)(6), and their motion to dismiss is, therefore, *denied.*